UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DAOU SYSTEMS, INC., SECURITIES LITIGATION,<br><br>This Order Relates to:<br><br>ALL ACTIONS | Civil No. 98-CV-1537-L(AJB)<br><br>**ORDER RE: SUPPLEMENTAL BRIEFING** |

This is a securities class action by persons who purchased Daou Systems, Inc. ("Daou") stock between February 13, 1997 and October 28, 1998. After eight years of litigation, including two appeals, the case settled. On June 1, 2007, Lead Plaintiffs filed a motion for preliminary approval of class action settlement ("Motion") and submitted a Proposed Order Preliminarily Approving Settlement and Providing for Notice ("Proposed Order"). Defendants have not filed an opposition.

Pursuant to the Proposed Order, Lead Plaintiffs ask the court for: (1) preliminary settlement class certification; (2) certification of Lead Plaintiffs as class representatives; (3) preliminary settlement approval; (4) approval of notice to the class; (5) approval of the Claims Administrator; and (6) approval of Lead Counsel as Escrow Agent. Upon review of all the documents submitted by the parties, the court finds they should be supplemented and revised as provided herein.

**1.   Preliminary Class Certification**

One of the relevant considerations for class certification is "the extent and nature of any litigation concerning the controversy already commenced by . . . members of the class." Fed. R. Civ. Proc. 23(b)(3)(B). The Stipulation of Settlement ("Stipulation") references a state court action captioned In re Daou Systems, Inc. Securities Litigation, Case No. 724766, pending in the California Superior Court for the County of San Diego ("State Court Action"). (Stipulation ¶ 7.1(e).) Lead Plaintiffs do not address this or any other pending litigation in their Motion. In their supplemental briefing, they shall provide information regarding related litigation pending outside this court, and the effect of such litigation on class certification as required by Rule 23(b).

Lead Plaintiffs request to be approved as class representatives. They have not filed any affidavits or briefing showing why they qualify to serve in this capacity. "[T]he court may or may not select the lead plaintiff to serve as a Rule 23(a) 'class representative,' if the court decides to certify a class." Manual for Complex Litigation ¶ 21.141 (4th ed. 2004). Class representatives must be free of conflicts, knowledgeable about the claims, and vigorously pursue the litigation in the interests of the class. *Id*. ¶ 21.26.

**2.   Preliminary Settlement Approval**

Rule 23(e)(2) requires the parties seeking approval of a settlement to "file a statement identifying any agreement made in connection with the proposed settlement." This provision is "intended to reach agreements that accompany settlement but are not reflected in the formal settlement documents and, perhaps, not even reduced to writing." Manual for Complex Litigation ¶21.631. The Stipulation references a "Supplemental Agreement," whereby Defendant Daou Systems, Inc. has the right to terminate the settlement if more than a certain number of common stock choose to opt out. (Stipulation ¶¶ 7.5, 8.8.) In addition, the dismissal of the State Court Action as a condition to settlement suggests an agreement with respect to that action. Neither the Supplemental Agreement nor any agreements pertaining to litigation outside this court have been disclosed as required by Rule 23(e)(2). In their supplemental briefing Lead Plaintiffs shall fully disclose to the court these and any other

agreements, whether or not reduced to writing.  If necessary, Lead Plaintiffs may request to file this briefing under seal.  *See* 15 U.S.C. § 78u-4(5).

**3.      Class Notice**

While the proposed Notice of Pendency and Proposed Settlement of Class Action ("Notice") contains a good summary of the procedural background of the case, it does not include a description of "the class claims, issues, or defenses."  By contrast, this information is discussed in some detail in Lead Plaintiffs' points and authorities.  (Ps&As at 4-6.)  This information should be stated in the revised Notice at the level of specificity and sophistication provided in Rule 23(c)(2)(B).

The Notice references "Section 11 Claim" and "Section 10(b) Claim."  (See, e.g., Exh. A-1 at 11.)  These terms are not included in the definitions section of the Notice.  They need to be explained in plain, easily understood language.

With respect to any notice of objection, the Notice should instruct the objecting party to include the case name and number on the first page of any objection filed with the court.  (*See id.* at 14-15.)

In the proposed Summary Notice, Lead Plaintiffs indicate that a copy of the Notice and Proof of Claim and Release form ("Proof of Claim") can be accessed on the Claim Administrator's web site.  The Stipulation should be made available in the same way.  The revised Notice and Summary Notice should include the Claim Administrator's website, and state that the Stipulation can be accessed there.

The Proof of Claim enclosed with the Notice requires class members to provide the dates, number of shares and prices for every stock transaction during the class period, as well as for the shares held at the beginning and end of the class period.  (Exh. A-2.)  Since these transactions occurred some ten years ago, it is likely that many class members will not have complete information.  Based on the current Notice, class members who do not have complete information recover nothing from the settlement, but are nevertheless bound by the judgment, including releases. (Exh. A-1 at 13.)  The court will not approve a Notice to that effect.

> Completion and documentation of the claims forms should be no more burdensome than necessary.  Nor, for purposes of administering a settlement,

> should the court require the same amount of specificity of evidence needed to establish damages at a trial; **secondary forms of proof and estimates are generally acceptable. A default award may be appropriate** for those who can establish membership in the class but cannot, or prefer not to, submit detailed claims. Typically, such an award would be at the low end of the range of expected claims.

Manual for Complex Litigation ¶ 21.661 (emphasis added). Accordingly, in the revised notice, Lead Plaintiffs shall make a provision for those class members who can prove their membership in the class, but do not have complete proof of the amount of damages as currently required. Specifically, the revised Proof of Claim and Notice must make a provision for those class members who can submit secondary proof of the amount of damages, and for those who can prove class membership but cannot provide secondary proof of the amount of damages.

Similarly, the requirements to opt out, described in the Notice, are unduly onerous. In order to opt out, a class member is required to provide proof of "all purchases and sales of Daou's common stock, including the dates of purchase or sale, the number of such shares purchased or sold and the price paid or received per share." (Exh. A-1 at 13.) This requirement appears to be prompted by the Supplemental Agreement which gives Daou the option to terminate the settlement if a certain number of shares opt out.

In Rule 23(b)(3) class actions such as this, any class member who does not opt out is bound by the judgment, including releases. Therefore, the class members must be provided an opportunity to opt out. *See* Fed. R. Civ. P. 23(c)(3). For the same reason, the "opt-out procedure should be simple and should afford the class members sufficient time in which to exercise their option." Manual for Complex Litigation ¶21.321. Accordingly, the opt-out procedure should be revised to require proof of class membership and number of shares which is no more onerous than the information required in support of a Proof of Claim. In addition, Lead Plaintiffs shall include an opt-out form with the Notice.

Similarly, the requirement that any objector include in the objection "formal proof of the number of shares of Daou common stock purchased and sold during the Class Period" (Exh. A-1at 15) is unduly burdensome. The number of shares is irrelevant to the objection. Instead,

/ / / / /

any objector should include in the objection proof of membership in the class no more onerous than proof of membership which would be required for a Proof of Claim.

Included in the Notice is a provision naming Gilardi & Co. LLC as the Claims Administrator.  (Exh. A-1 at 13.)  Lead Plaintiffs request the court to approve this choice.  The Claims Administrator receives opt-out notices and Proofs of Claim from class members, and is charged with administering and calculating the claims and overseeing the distribution of the Net Settlement Fund.  (Stipulation ¶ 5.1; Exh. A-1 at 13; Exh. A-2 at 1.)  Lead Plaintiffs provide no information regarding the firm.  In their supplemental briefing, Lead Plaintiffs shall provide (1) background information regarding this firm; (2) declaration that they performed a sufficient background check to assure competency, professionalism and integrity in claims administration; and (3) declaration that the Claims Administrator shall keep adequate records to report on and account for opt-outs, proofs of claim, distributions, allowances and disallowances of claims, progress of the distribution process, any fees and costs of claim administration, and similar matters.

**4.     Plan of Allocation**

The Stipulation provides for Lead Counsel as the Escrow Agent.  (Stipulation ¶ 1.9.)  As the Escrow Agent, Lead Counsel is charged with investing the $ 4 million settlement amount, and disbursing it as provided in the Stipulation and as ordered by the court, including a disbursement for $100,000 for the "Notice and Administration Fund."  (*Id.* ¶ 2.7.)  According to the Stipulation, the Notice and Administration Fund is not subject to court supervision and is to be used for the expenses incurred in connection with the class notice, locating class members, soliciting, processing and assisting with proofs of claim, claims distribution, as well as escrow fees and costs.  (*Id.*)  What the escrow fees and costs may consist of is not defined or discussed.  In their supplemental briefing, Lead Plaintiffs shall explain what is meant by "escrow fees and costs" and estimate the amount.  In addition, Lead Plaintiffs shall explain why the Tax Expenses, identified in Paragraph 2.8(c)(ii) as "costs of administration of the Settlement Fund," should not be payable out of the Notice and Administration Fund.

/ / / / /

For the foregoing reasons **IT IS HEREBY ORDERED** as follows:

1. No later than July 20, 2007, Lead Plaintiffs shall file supplemental briefing and attach a revised proposed Notice, Summary Notice, Proof of Claim and opt-out form consistent with this order.

2. No later than July 20, 2007, Lead Plaintiffs shall lodge a revised Proposed Order consistent with this order. The Proposed Order shall be lodged in an editable format as provided by the Electronic Case Filing Administrative Policies and Procedural Manual ¶ 2(h).

**IT IS SO ORDERED.**

DATED: July 3, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. ANTHONY J. BATTAGLIA
UNITED STATES MAGISTRATE JUDGE

ALL COUNSEL