FILED

07 OCT 19  PM 12: 59

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DAOU SYSTEMS, INC. SECURITIES LITIGATION ) ) ) | Master File No. 98cv1537-L(AJB) |
| This Document Relates To: ) ) ) | CLASS ACTION |
| ALL ACTIONS. ) ) ) ) | [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

DATE:        Submitted matter
TIME:        Submitted matter
COURTROOM:  14, The Honorable
                    M. James Lorenz

1    WHEREAS, a consolidated class action is pending before this District Court entitled *In re*

2  *Daou Systems, Inc. Securities Litigation*, Master File No. 98cv1537-L(AJB) (the "Litigation");

3    WHEREAS, the parties having made application, pursuant to Federal Rule of Civil

4  Procedure 23(e), for an order approving the settlement of this Litigation, in accordance with a

5  Stipulation of Settlement dated as of April 2, 2007 (the "Stipulation"), which, together with the

6  Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the

7  Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth

8  therein; and the District Court having read and considered the Stipulation and the Exhibits annexed

9  thereto; and

10    WHEREAS, all defined terms contained herein shall have the same meanings as set forth in

11  the Stipulation.

12    NOW, THEREFORE, IT IS HEREBY ORDERED:

13    1.    The District Court does hereby preliminarily approve the Stipulation and the

14  settlement set forth therein, subject to further consideration at the Settlement Hearing described

15  below.

16    2.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the District Court hereby

17  certifies, for purposes of effectuating this settlement, a Class defined as all Persons (other than those

18  Persons who timely and validly request exclusion from the Class) who purchased Daou's common

19  stock between February 13, 1997 (including Persons who purchased shares pursuant to Daou's initial

20  public offering which was declared effective on or about February 12, 1997) and October 28, 1998.

21  Excluded from the Class are Defendants, members of the immediate families of any individual

22  defendants, any entity in which any Defendant has or had a controlling interest, former directors and

23  officers of Daou, and the legal representatives, heirs, successors, or assigns of any such Defendant.

24    3.    The District Court finds, for the purposes of the settlement only, that the prerequisites

25  for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been

26  satisfied in that:  (a) the number of Class Members is so numerous that joinder of all members

27  thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims

28  of the Lead Plaintiffs are typical of the claims of the Class they seek to represent; (d) the Lead

1   Plaintiffs have and will fairly and adequately represent the interests of the Class; (e) the questions of

2   law and fact common to the Members of the Class predominate over any questions affecting only

3   individual Members of the Class; and (f) a class action is superior to other available methods for the

4   fair and efficient adjudication of the controversy.

5         4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of

6   *Robert Zaretsky, Brenda Rollins, Eugene Krabbennoft, Paul Rubin and Thomas Hagman,*
    the settlement only, Lead Plaintiffs are certified as the class representatives.

7         5.      A hearing (the "Settlement Hearing") shall be held before this District Court on

8   *January 14* 2008, at *10:00* a.m., at the United States District Court for the Southern District of

9   California, Edward J. Schwartz United Sates Courthouse, 940 Front Street, San Diego, California, to

10  determine whether the proposed settlement of the Litigation on the terms and conditions provided for

11  in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the

12  District Court; whether a Judgment as provided in ¶1.11 of the Stipulation should be entered herein;

13  whether the proposed Plan of Allocation should be approved; and to determine the amount of fees

14  and expenses that should be awarded to Lead Counsel.   The District Court may adjourn the

15  Settlement Hearing without further notice to Members of the Class.

16        6.      The District Court approves, as to form and content, the Notice of Pendency and

17  Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the

18  "Proof of Claim"), the Summary Notice and the *Request for Exclusion* Form annexed as Exhibits A-1, A-2, A-3

19  and A-4 hereto, and finds that the mailing and distribution of the Notice and publishing of the

20  Summary Notice substantially in the manner and form set forth in this Order meet the requirements

21  of Federal Rule of Civil Procedure 23, §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C.

22  §78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process,

23  and is the best notice practicable under the circumstances and shall constitute due and sufficient

24  notice to all Persons entitled thereto.

25        7.      Lead Counsel are hereby authorized to retain the firm of Gilardi & Co. LLC ("Claims

26  Administrator") to supervise and administer the notice procedure as well as the processing of claims

27  as more fully set forth below:

28

1        (a)     Not later than **October 30**, 2007 (the "Notice Date"), the Claims

2   Administrator shall cause a copy of the Notice, the Proof of Claim and the ~~Opt-Out~~ **Request for Exclusion** Form,

    *(with interlineated corrections)* ^

3   substantially in the form annexed as Exhibits A-1, A-2 and A-4 hereto, to be mailed by first class
    ^

4   mail to all Class Members who can be identified with reasonable effort;

5        (b)     Not later than **November 9**, 2007 the Claims Administrator shall cause the

6   Summary Notice to be published once in *Investor's Business Daily*; and

7        (c)     At least seven (7) days prior to the Settlement Hearing, Lead Counsel shall

8   serve on Defendants' counsel and file with the District Court proof, by affidavit or declaration, of

9   such mailing and publishing.

10       8.      Nominees who purchased Daou's common stock during the period beginning

11  February 13, 1997 to October 28, 1998 for the beneficial ownership of another Person shall send the

12  Notice and the Proof of Claim to such beneficial owners of such Daou's common stock within ten

13  (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to

14  the Claims Administrator within ten (10) days of receipt thereof in which event the Claims

15  Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.

16       9.      All Members of the Class shall be bound by all determinations and judgments in the

17  Litigation concerning the settlement, whether favorable or unfavorable to the Class.

18       10.     Class Members who wish to participate in the settlement shall complete and submit

19  Proof of Claim forms in accordance with the instructions contained therein.  Unless the District

20  Court orders otherwise, all Proof of Claim forms must be submitted no later than ninety (90) days

21  from the Notice Date.  Any Class Member who does not timely submit a Proof of Claim within the

22  time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement

23  Fund, unless otherwise ordered by the District Court, but shall nevertheless be bound by any Final

24  Judgment entered by the District Court.

25       11.     Any Member of the Class may enter an appearance in the Litigation, at his, her or its

26  own expense, individually or through counsel of their own choice.  If they do not enter an

27  appearance, they will be represented by Lead Counsel.

28

98cv1537-L(AJB)

12.     Pending final determination of whether the settlement should be approved, neither the Lead Plaintiff nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims.

13.     Any Person falling within the definition of the Class may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than **December 14**, 2007. A Request for Exclusion  must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) an estimate of the Person's purchases of Daou's common stock made during the Class Period; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Stipulation or the Final Judgment.

14.     Any Member of the Class may appear and show cause, if he, she or it has any reason why the proposed settlement of the Litigation should not be approved as fair, reasonable, and adequate, or why a Judgment should not be entered thereon, why the Plan of Allocation should not be approved, why attorneys' fees and expenses should not be awarded to counsel for the Lead Plaintiffs or why Lead Plaintiffs' expenses (including lost wages) should not be awarded; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to counsel for the Lead Plaintiffs unless that Person has served on the following counsel (delivered by hand or sent by first class mail) written objections and copies of any  papers and briefs in support thereof on or before **December 14** 2007: Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Jeffrey D. Light, 655 West Broadway, Suite 1900, San Diego, California 92101, and Foley & Lardner LLP, Michael P. McCloskey, 402 West Broadway, Suite 2100, San Diego, California, and filed said objections, papers and briefs with the Clerk of the United States District Court for the Southern District of California, on or before **December 14**, 2007. Any

- 4 -

1  objection must contain a written notice of the grounds for opposing the settlement, Plan of

2  Allocation, application for attorneys' fees and costs and expenses or Lead Plaintiffs' expenses and

3  must demonstrate the objecting Person's membership in the Class by including: (a) the objecting

4  Person's name, address, and telephone number; (b) an estimate of the number of shares of Daou

5  common stock purchased during the Class Period by the objecting Person; and (c) a statement of the

6  reasons for objection. The notice of objection must include the case name and the number on the

7  first page of any objection filed with the Court. Any Member of the Class who does not make his,

8  her or its objection in the manner provided shall be deemed to have waived such objection and shall

9  forever be foreclosed from making any objection to the fairness or adequacy of the proposed

10  settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorneys'

11  fees and expenses to counsel for the Lead Plaintiffs and Lead Plaintiffs' expenses, unless otherwise

12  ordered by the District Court.

13      15.    The passage of title and ownership of the Settlement Fund to the Escrow Agent in

14  accordance with the terms and obligations of the Stipulation is approved. No Person that is not a

15  Class Member or counsel to the Lead Plaintiffs shall have any right to any portion of, or in the

16  distribution of, the Settlement Fund unless otherwise ordered by the District Court or otherwise

17  provided in the Stipulation.

18      16.    All funds held by the Escrow Agent shall be deemed and considered to be *in custodia*

19  *legis*, and shall remain subject to the jurisdiction of the District Court, until such time as such funds

20  shall be distributed pursuant to the Stipulation and/or further order(s) of the District Court.

21      17.    All papers in support of the settlement, the Plan of Allocation, and any application by

22  counsel for the Lead Plaintiffs for attorneys' fees or reimbursement of expenses shall be filed with

23  the District Court and served at least seven (7) 14 calendar days prior to the Settlement Hearing. MV

24      18.    Neither Defendants nor Defendants' counsel shall have any responsibility for the Plan

25  of Allocation or any application for reimbursement of attorneys' fees or reimbursement of expenses

26  submitted by Plaintiffs' Counsel, and such matters will be considered separately from the fairness,

27  reasonableness and adequacy of the settlement.

28

19.     At or after the Settlement Hearing, the District Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.

20.     All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the settlement is not approved by the District Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund for such reasonable expenses.

21.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

22.     The District Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.  The District Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED: __10/18/07__          _____
                              THE HONORABLE M. JAMES LORENZ
                              UNITED STATES DISTRICT JUDGE

1 | Submitted by,

2 | LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
3 | WILLIAM S. LERACH
TOR GRONBORG
4 | JEFFREY D. LIGHT
DAVID A. THORPE
5 |

6 |

_____s/ JEFFREY D. LIGHT_____
7 | JEFFREY D. LIGHT

8 | 655 West Broadway, Suite 1900
San Diego, CA 92101
9 | Telephone: 619/231-1058
619/231-7423 (fax)
10 |

Lead Counsel for Plaintiffs

11 | S:\Settlement\Daou.set\(v2) EA-00039706.doc

# INDEX OF EXHIBITS

| Exhibit | Tab | Page Number |
|---|---|---|
| Notice of Pendency and Proposed Settlement of Class Action | A-1 | 1 |
| Proof of Claim and Release | A-2 | 19 |
| Summary Notice | A-3 | 30 |
| Opt Out Form | A-4 | 33 |

Clean Order Package

RECYCLED PAPER MADE FROM 30% POST CONSUMER CONTENT

A-1

1 | LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
2 | WILLIAM S. LERACH (68581)
TOR GRONBORG (179109)
3 | JEFFREY D. LIGHT (159515)
DAVID A. THORPE (216498)
4 | 655 West Broadway, Suite 1900
San Diego, CA 92101
5 | Telephone: 619/231-1058
619/231-7423 (fax)
6 | billl@lerachlaw.com
torg@lerachlaw.com
7 | jeffl@lerachlaw.com
davidt@lerachlaw.com
8 |
Lead Counsel for Plaintiffs
9 |

10 | 

               UNITED STATES DISTRICT COURT

11 |

           SOUTHERN DISTRICT OF CALIFORNIA

12 |

| In re DAOU SYSTEMS, INC. SECURITIES | ) | Master File No. 98cv1537-L(AJB) |
|---|---|---|
| LITIGATION | ) | |
| | ) | CLASS ACTION |
| | ) | |
| This Document Relates To: | ) | NOTICE OF PENDENCY AND PROPOSED |
| | ) | SETTLEMENT OF CLASS ACTION |
|     ALL ACTIONS. | ) | |
| | ) | EXHIBIT A-1 |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**1**

TO:   ALL PERSONS WHO PURCHASED DAOU SYSTEMS, INC. ("DAOU") COMMON STOCK DURING THE PERIOD FEBRUARY 13, 1997 (INCLUDING PERSONS WHO PURCHASED SHARES PURSUANT TO DAOU'S INITIAL PUBLIC OFFERING WHICH WAS DECLARED EFFECTIVE ON OR ABOUT FEBRUARY 12, 1997) THROUGH AND INCLUDING OCTOBER 28, 1998 (THE "CLASS" AS MORE PARTICULARLY DEFINED BELOW)

   PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER (DEFINED BELOW), YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM POSTMARKED ON OR BEFORE _____, 2007. IF YOU ARE A MEMBER OF THE CLASS AND DO NOT SUBMIT A TIMELY REQUEST FOR EXCLUSION, YOU WILL BE BOUND BY THE RELEASE WHETHER OR NOT YOU SUBMIT A CLAIM.

I.      SUMMARY OF SETTLEMENT AND RELATED MATTERS

   This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of California (the "Court"). The purpose of this Notice is to inform you of the pendency of this class action (the "Litigation") and the proposed settlement thereof and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the settlement. This Notice describes the rights you may have in connection with participation in this settlement, what steps you may take in relation to the settlement and this class action litigation, and alternatively, what steps you must take if you wish to be excluded from the settlement and this class action.

   The proposed settlement creates a fund in the amount of $4,000,000 in cash (the "Settlement Fund") and will include interest that accrues on the fund prior to distribution. Based on Lead Plaintiffs' estimate of the number of shares entitled to participate in the settlement and the anticipated number of claims to be submitted by Class Members, the average distribution per share to Class Members who purchased Daou common stock would be approximately $0.27 before deduction of Court-approved fees and expenses. Your actual recovery from this Settlement Fund will depend on a number of variables including the number of claimants and the amount of shares

1  they purchased, the number of Daou shares you purchased, the expense of administering the claims

2  process, and the timing of your purchases and sales, if any (see Plan of Allocation below).

3       Lead Plaintiffs and Defendants do not agree on the average amount of damages per share that

4  would be recoverable if Lead Plaintiffs were to have prevailed on each claim asserted.  The issues on

5  which the parties disagree include: (1) whether the statements made or facts allegedly omitted were

6  false, material, or otherwise actionable under the federal securities laws; (2) the appropriate

7  economic model for determining the amount by which Daou shares were allegedly artificially

8  inflated (if at all) during the Class Period; (3) the amount by which Daou shares were allegedly

9  artificially inflated (if at all) during the Class Period; (4) the effect of various market forces

10  influencing the trading price of Daou shares at various times during the Class Period; (5) the extent

11  to which external factors, such as general market conditions, influenced the trading price of Daou

12  shares at various times during the Class Period; (6) the extent to which the various matters that Lead

13  Plaintiffs alleged were materially false or misleading influenced (if at all) the trading price of Daou

14  shares at various times during the Class Period; and (7) the extent to which the various allegedly

15  adverse material facts that Lead Plaintiffs alleged were omitted influenced (if at all) the trading price

16  of Daou shares at various times during the Class Period.

17       Counsel for the Lead Plaintiffs believe that the proposed settlement is a good recovery and is

18  in the best interests of the Class.  Because of the risks associated with continuing to litigate and

19  proceeding to trial, there was a danger that Lead Plaintiffs would not have prevailed on any of their

20  claims, in which case the Class would receive nothing.  For example, Lead Plaintiffs faced the

21  possibility that many of the claims in this case would have been dismissed in response to

22  Defendants' anticipated motion for summary judgment or at trial after lengthy and expensive

23  discovery.  In addition, the amount of damages recoverable by the Class was and is challenged by

24  Defendants.  Recoverable damages in this case are limited to losses caused by conduct actionable

25  under applicable law and, had the Litigation gone to trial, Defendants intended to assert that all or

26  most of the losses of Class Members were caused by non-actionable market, industry, or general

27  economic factors.  Defendants would also assert that throughout the Class Period the uncertainties

28

1 and risks associated with Daou's business and financial condition were fully and adequately
2 disclosed.

3      Lead Plaintiffs' counsel have not received any payment for their services in conducting the
4 Litigation on behalf of the Lead Plaintiffs and the Members of the Class, nor have they been
5 reimbursed for their out-of-pocket expenditures. If the settlement is approved by the Court, counsel
6 for the Lead Plaintiffs in this case will apply to the Court for attorneys' fees of 25% of the settlement
7 proceeds and reimbursement of out-of-pocket expenses not to exceed $400,000.00 to be paid from
8 the Settlement Fund. If the amount requested by counsel is approved by the Court, the average cost
9 per share would be $0.10. The average cost per share could vary depending on the number of shares
10 for which claims are filed.

11      This Notice is not an expression of any opinion by the Court about the merits of any of the
12 claims or defenses asserted by any party in this Litigation or the fairness or adequacy of the proposed
13 settlement.

14      For further information regarding this settlement you may contact: Rick Nelson, Lerach
15 Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego,
16 California 92101, Telephone: 800/449-4900. Please do not call any representative of Daou or the
17 Court.

18 **II.   NOTICE OF HEARING ON PROPOSED SETTLEMENT**

19      A settlement hearing will be held on _____, 2007, at ____ _.m., before the Honorable
20 M. James Lorenz, United States District Judge, at the Southern District of California, Edward J.
21 Schwartz United Sates Courthouse, 940 Front Street, San Diego, California 92101 (the "Settlement
22 Hearing"). The purpose of the Settlement Hearing will be to determine: (1) whether the settlement
23 consisting of $4,000,000.00 in cash plus accrued interest should be approved as fair, reasonable, and
24 adequate to each of the parties; (2) whether the proposed plan to distribute the settlement proceeds
25 (the "Plan of Allocation") is fair, reasonable, and adequate; (3) whether the application by Lead
26 Plaintiffs' counsel for an award of attorneys' fees and expenses should be approved; (4) whether the
27 application for Lead Plaintiffs' expenses (including lost wages) should be approved; and (5) whether
28

1  the Litigation should be dismissed with prejudice.  The Court may adjourn or continue the

2  Settlement Hearing without further notice to the Class.

3  **III.    DEFINITIONS USED IN THIS NOTICE**

4        1.     "Class" means a class consisting of all Persons (other than those Persons who timely

5  and validly request exclusion from the Class) who purchased Daou's common stock between

6  February 13, 1997 (including Persons who purchased shares pursuant to Daou's initial public

7  offering which was declared effective on or about February 12, 1997) and October 28, 1998.

8  Excluded from the Class are Defendants, members of the immediate families of any individual

9  defendants, any entity in which any Defendant has or had a controlling interest, former directors and

10  officers of Daou, and the legal representatives, heirs, successors, or assigns of any such Defendant.

11        2.     "Class Period" means the period commencing on February 13, 1997 to October 28,

12  1998.

13        3.     "Class Member" or "Member of the Class" mean a Person who falls within the

14  definition of the Class as set forth above.  Insofar as a Class Member makes a proper and timely

15  request for exclusion from the Class, he, she, or it shall not be considered a Class Member.

16        4.     "Defendants" means Daou, Georges J. Daou, Daniel J. Daou, Fred C. McGee, Robert

17  J. McNeill and John H. Moragne.

18        5.     "Lead Counsel" means Lerach Coughlin Stoia Geller Rudman & Robbins LLP.

19        6.     "Lead Plaintiffs" means Greg Sparling, Eugene Krabbenhoft, Patrick de Kruyff,

20  Robert Zaretsky, Rod Ford, Thomas V. Hagman, Richard W. Walsh, Richard Toribio, and Paul

21  Rabin.

22        7.     "Person" means an individual, corporation, limited liability corporation, professional

23  corporation, limited liability partnership, partnership, limited partnership, association, joint stock

24  company, estate, legal representative, trust, unincorporated association, government or any political

25  subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors,

26  successors, representatives, or assignees.

27        8.     "Plaintiffs" means each of the plaintiffs who filed a complaint in the Litigation.

28

9.     "Plaintiffs' Counsel" means counsel who have appeared for any of the Plaintiffs in the Litigation.

10.    "Related Persons" means each of a Defendant's respective, present and former parents, subsidiaries and affiliates and their respective present and former officers, directors, employees, agents, representatives, attorneys, advisors, investment advisors, auditors, insurers and reinsurers and the predecessors, heirs, successors, assigns and any person or entity which any of them has or had a controlling interest or which is or was related to or affiliated with any of them.

11.    "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined below), demands, rights, liabilities and causes of action of every nature and description known or unknown (including, but not limited to, misrepresentation, breach of fiduciary duty or other common law claims) whether asserted directly or derivatively, and that either were asserted or could have been asserted, by the Lead Plaintiffs or any Class Member against the Released Parties arising from the purchase of Daou's common stock during the Class Period (including shares purchased pursuant to Daou's initial public offering which was declared effective on or about February 12, 1997), and the acts, facts, statements, or omissions that were or could have been alleged in the Litigation.

12.    "Released Parties" means each and all of the Defendants and their Related Persons.

13.    "Section 10(b) Claim" means a claim resulting from a Class Member's purchase of Daou common stock at any time between February 13, 1997 and October 28, 1998. The claim arises from Lead Plaintiffs' allegations that during the Class Period Defendants knowingly made false and misleading statements about Daou's accounting practices, revenues, earnings and business condition that caused Daou's common stock price to be artificially inflated.

14.    "Section 11 Claim" means a claim resulting from a Class Member's purchase of Daou common stock pursuant to or traceable to Daou's initial public offering of stock that occurred on or about February 12, 1997. The claim arises from Lead Plaintiffs' allegations that the Registration Statement and Prospectus filed in connection with Daou's initial public offering contained false statements of a material fact or statements that omitted to state a material fact. For purposes of the

1    Plan of Allocation (described below) a Class Member has a Section 11 Claim if he, she or it

2    purchased Daou common stock on or before July 8, 1997.

3         15.    "Settled Defendants' Claims" means all claims (including, but not limited to,

4    "Unknown Claims" as defined below), demands, losses, rights, and causes of action of any nature

5    whatsoever, whether known or unknown, whether suspected or unsuspected, whether concealed or

6    hidden, that have been or could have been asserted in the Litigation or any forum by the Defendants

7    or any of them or the successors and assigns of any of them against the Lead Plaintiffs, Class

8    Members and Plaintiffs' Counsel which arise out of or relate in any way to the institution,

9    prosecution, assertion, settlement, or resolution of the Litigation (except for claims to enforce the

10   Stipulation).

11        16.    "Settlement Fund" means the principal amount of Four Million Dollars

12   ($4,000,000.00) in cash, plus any accrued interest.

13        17.    "Settling Parties" means, collectively, each of the Defendants, the Lead Plaintiffs on

14   behalf of themselves and Members of the Class.

15        18.    "Unknown Claims" means any Released Claims that any Lead Plaintiff or Class

16   Member does not know or suspect to exist in his, her, or its favor at the time of the release of the

17   Released Parties, and any Settled Defendants' Claims that any Defendant does not know or suspect

18   to exist in his, her or its favor, which, if known by him, her, or it, might have affected his, her, or its

19   settlement with and release of the Released Parties, or might have affected his, her, or its decision(s)

20   with respect to the settlement.  With respect to any and all Released Claims and Settled Defendants'

21   Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and the

22   Defendants shall expressly waive, and each of the Class Members shall be deemed to have, and by

23   operation of the Judgment shall have, expressly waived the provisions, rights, and benefits conferred

24   by any law of any state or territory of the United States, or principle of common law, which is

25   similar, comparable or equivalent to California Civil Code §1542, which provides:

26              A general release does not extend to claims which the creditor does not know
                or suspect to exist in his or her favor at the time of executing the release, which if
27              known by him or her must have materially affected his or her settlement with the
                debtor.

28

1   The Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from
2   those that any of them now knows or believes to be true related to the subject matter of the Released
3   Claims, but the Lead Plaintiffs shall expressly and each Class Member, upon the Effective Date,
4   shall be deemed to have, and by operation of Judgment shall have, fully, finally, and forever settled
5   and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent
6   or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed
7   upon any theory of law or equity now existing or coming into existence in the future, including, but
8   not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty,
9   law or rule, without regard to the subsequent discovery or existence of such different or additional
10  facts.  Similarly, the Defendants and Released Parties may hereafter discover facts in addition to or
11  different from those that any of them now know or believe to be true related to the subject matter of
12  the Settled Defendants' Claims, but each Defendant shall expressly and each Released Party, upon
13  the Effective Date, shall be deemed to have, and by operation of the Judgment shall have fully,
14  finally, and forever settled and released any and all Settled Defendants' Claims, known or unknown,
15  suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which
16  now exist, or heretofore have existed upon any theory of law or equity now existing or coming into
17  existence in the future, including, but not limited to, conduct that is negligent, intentional, with or
18  without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or
19  existence of such different or additional facts.  The Settling Parties acknowledge, and the Class
20  Members and the Released Parties shall be deemed by operation of the Judgment to have
21  acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and
22  Settled Defendants' Claims was separately bargained for and is a key element of the settlement of
23  which these releases are a part.

24  **IV.    THE CLASS ACTION**

25       On August 24, 1998, the first of four securities class action lawsuits were filed in the United
26  States District Court for the Southern District of California against Daou Systems, Inc. ("Daou") and
27  certain of its officers and directors.  By Order dated October 22, 1998, these actions were
28  consolidated for all purposes under the caption *In re Daou Systems, Inc. Securities Litigation*, Master

1  File No. 98cv1537-L(AJB) (the "Litigation").  Thereafter, on December 14, 1998, the Court

2  appointed Lead Plaintiffs under Section 21D(a)(3)(B) of the Securities Exchange Act of 1934

3  ("Exchange Act") and approved Lead Plaintiffs' selection of Lead Counsel pursuant to Section

4  21D(a)(3)(B)(v) of the Exchange Act.

5         Following the appointment of Lead Plaintiffs, the Consolidated Amended Complaint for

6  Violations of the Exchange Act of 1934 was filed on February 24, 1999.  A Second Amended

7  Complaint was filed on January 24, 2000.  Thereafter, Defendants filed a motion to dismiss the

8  Second Amended Complaint.  After the parties briefed Defendants' motion, the Court dismissed

9  Lead Plaintiffs' claims without prejudice.  On May 16, 2002, Lead Plaintiffs filed the Third

10 Amended Complaint for Violations of the Federal Securities Laws ("Complaint").  Defendants filed

11 a motion to dismiss the Complaint and on October 16, 2002, the Court granted Defendants' motion

12 and dismissed with prejudice the Complaint.

13        Lead Plaintiffs appealed the October 16, 2002 Order to the Ninth Circuit Court of Appeals,

14 and on February 2, 2005, the Ninth Circuit affirmed in part, reversed in part, and remanded the case

15 back to the Court.  Defendants moved for an *en banc* review and during the pendency of that motion,

16 the Supreme Court issued its opinion in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005),

17 on the issue of loss causation.  In response to the *Dura* opinion, the parties rebriefed the issue of loss

18 causation in this Litigation and the Ninth Circuit reconsidered its opinion.  On June 21, 2005, the

19 Ninth Circuit issued an opinion that upheld Lead Plaintiffs' claims under Section 11 of the Securities

20 Act of 1933 ("Securities Act") (against defendants Daou, Georges J. Daou, Daniel J. Daou, Fred C.

21 McGee and John H. Moragne) and claims under Section 10(b) of the Exchange Act (against

22 defendants Georges J. Daou, Daniel J. Daou, Fred C. McGee and Robert J. McNeill).  The Ninth

23 Circuit remanded the case to the Court to reconsider claims alleged under Sections 12(a)(2) and 15

24 of the Securities Act and Section 20 of the Exchange Act.  Subsequently, the Court upheld Lead

25 Plaintiffs' Section 15 and Section 20(a) claims against Defendants and dismissed Lead Plaintiffs'

26 Section 12(a)(2) claims.  Following the Ninth Circuit reversal, Defendants filed a certiorari petition

27 with the Supreme Court, which was denied on February 21, 2006.  The parties then submitted and

28

1  the Court approved a Scheduling Order governing pre-trial discovery.  Thereafter, the parties
2  engaged in formal discovery.
3      On June 17, 2006, the parties participated in mediation with Antonio Piazza.  After the
4  mediation, the parties continued to litigate while also pursuing settlement negotiations.  In February
5  2007, the parties agreed to a Memorandum of Understanding setting forth the principal terms of the
6  settlement.
7  **V.    CLAIMS OF THE LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT**
8
9      During the Class Period, Daou designed, implemented, supported and managed computer
10 network systems primarily for hospitals, and other healthcare provider organizations.  Lead
11 Plaintiffs' case centered on allegations that Defendants fraudulently violated Generally Accepted
12 Accounting Principles ("GAAP") and Daou's own stated accounting method by misapplying the
13 percentage of completion method which lead to an inflation of Daou's reported revenue.  Lead
14 Plaintiffs alleged that without regard to labor costs incurred or estimated that Daou determined what
15 percent of a project or contract was complete instead of recognizing revenue in line with a
16 reasonable degree of accuracy based on a comprehensive review of each project or contract, which
17 Lead Plaintiffs alleged was required by GAAP and Daou's own accounting method.
18     The Lead Plaintiffs believe that the claims asserted in the Litigation have merit.  However,
19 counsel for the Lead Plaintiffs recognize and acknowledge the expense and length of continued
20 proceedings necessary to prosecute the Litigation against the Defendants through trial and through
21 appeals. Counsel for the Lead Plaintiffs also have taken into account the uncertain outcome and the
22 risk of any litigation, especially in complex actions such as the Litigation when the action has been
23 dismissed with leave to amend, as well as the difficulties and delays inherent in such litigation.
24 Counsel for the Lead Plaintiffs also are mindful of the inherent problems of proof under and possible
25 defenses to the violations asserted in the Litigation.  Counsel for the Lead Plaintiffs believe that the
26 settlement set forth in the Stipulation confers substantial benefits upon the Class and is in the best
27 interest of the Class particularly considering the history and status of this Litigation.
28

## VI.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Defendants have denied and continue to deny each and all of the claims and contentions alleged by the Lead Plaintiffs in the Litigation.  The Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation.  The Defendants also have denied and continue to deny, *inter alia*, the allegations that the Lead Plaintiffs or Class Members have suffered damage, that the price of Daou's common stock was artificially inflated by reasons of alleged misrepresentations, non-disclosures, or otherwise, that the Lead Plaintiffs or Class Members can prove that any alleged statements caused their losses, or that the Lead Plaintiffs or the Class were otherwise harmed by the conduct alleged in the Litigation.

Nonetheless, the Defendants have concluded that further conduct of the Litigation could be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.  The Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Litigation.  The Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation.

## VII.   TERMS OF THE PROPOSED SETTLEMENT

The Defendants will pay or cause to be paid into an escrow account, pursuant to the terms of the Stipulation of Settlement dated as of April 2, 2007 (the "Stipulation"), cash in the amount of $4,000,000.00 which will earn interest for the benefit of the Class.

A portion of the settlement proceeds will be used for certain administrative expenses, including costs of printing and mailing this Notice, the cost of publishing newspaper notice, payment of any taxes assessed against the Settlement Fund and costs associated with the processing of claims submitted.  In addition, as explained below, a portion of the Settlement Fund may be awarded by the Court to counsel for the Lead Plaintiffs for attorneys' fees and for reimbursement of out-of-pocket expenses and to Lead Plaintiffs for their expenses (including lost wages) incurred in representing the Class.  The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed according

1  to the Plan of Allocation described below to Class Members who submit valid and timely Proof of

2  Claim forms.

3  **VIII.   PLAN OF ALLOCATION**

4         The Net Settlement Fund will be distributed to Class Members who submit valid, timely

5  Proof of Claim forms ("Authorized Claimants") under the Plan of Allocation described below.  The

6  Plan of Allocation provides that you will be eligible to participate in the distribution of the Net

7  Settlement Fund only if you have a net loss on all transactions in Daou common stock.

8         Each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each

9  Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants.  Payment

10  in this manner shall be deemed conclusive against all Authorized Claimants.

11         The total of all profits shall be subtracted from the total of all losses from transactions during

12  the Class Period to determine if a Class Member has a claim.  Only if a Class Member had a net loss,

13  after all profits from transactions in Daou's common stock during the Class Period are subtracted

14  from all losses, will such Class Member be eligible to receive a distribution from the Net Settlement

15  Fund.  Claims will be calculated as follows:

16              *The allocation below is based on the following*:

17  February 12, 1997 Common Stock Offering Price:              $9.00 per share

18  Closing Price on the date the lawsuit was filed
    containing a §11 claim (February 24, 1999):              $5.66 per share

19  For shares of Daou common stock purchased pursuant to or traceable to the Registration Statement

20  and Prospectus filed with the SEC in connection with Daou's common stock offering declared

21  effective on or about February 12, 1997 (the "Offering"), and

22         1.     sold prior to February 25, 1999, the claim per share is the lesser of: (i) the purchase

23  price per share less the sales price per share, or (ii) $9.00 less the sales price per share.

24         2.     retained at the end of February 24, 1999, the claim per share is the lesser of: (i) the

25  purchase price per share less  $5.66, or (ii)  $9.00 less $5.66.

26         3.     sold after February 24, 1999, the claim per share is the lesser of:

27              (a)     the purchase price per share less the sales price per share, or

28

1    (b)    the purchase price per share less $5.66, or

2    (c)    $9.00 less $5.66, or

3    (d)    $9.00 less the sales price per share

4   Note:  For purposes of the Plan of Allocation, shares are traceable to the Offering if they were

5   purchased on or before July 8, 1997, the day before Daou acquired INTEGREX Systems Corp. for

6   700,000 shares of Daou common stock.  If a Class Member has a Section 11 Claim, the Claims

7   Administrator will also analyze their claim under the Section 10(b) calculation described below and

8   the Class Member will be entitled to whichever amount is greater.

9                          Section 10(b) Claims

10              Class Period February 12, 1997 through October 28, 1998

11          *The allocation below is based on the following price declines*:

12          August 13, 1998 Closing Price:            $18.50
            August 14, 1998 Closing Price:            $12.75
13          August 14, 1998 Price Decline:            $ 5.75

14          October 28, 1998 Closing Price:           $3.88
            October 29, 1998 Closing Price:           $3.44
15          October 29, 1998 Price Decline:           $0.44

16      1.    For shares of Daou common stock purchased on February 13, 1997 through August

17   13, 1998, and

18          (a)    sold prior to August 14, 1998, the claim per share is $0;

19          (b)    sold from August 14, 1998 through October 28, 1998, the claim per share is

20   the lesser of: (i) the purchase price less the sales price, or (ii) $5.75 (August 14, 1998 price decline)

21          (c)    retained at the end of October 28, 1998, the claim per share is the lesser of: (i)

22   the purchase price less $3.44 (October 29, 1998 closing price), or (ii) $6.19 (August 14, 1998 and

23   October 29, 1998 price declines).

24      2.    For shares of Daou Systems common stock that were purchased on August 14, 1998

25   through October 28, 1998, and

26          (a)    sold prior to October 29, 1998, the claim per share is $0;

27

28

1       (b)    retained at the end of October 28, 1998, the claim per share is the lesser of: (i)

2  the purchase price less $3.44 (October 29, 1998 closing price), or (ii) $0.44 (October 29, 1998 price

3  decline).

4       The date of purchase or sale is the "contract" or "trade" date as distinguished from the

5  "settlement" date.  The determination of the price paid per share and the price received per share

6  shall be exclusive of all commissions, taxes, fees and charges.

7       For Class Members who made multiple purchases or multiple sales during the Class Period,

8  the earliest subsequent sale shall be matched with the earliest purchase and chronologically

9  thereafter for purposes of the claim calculations.

10       The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class

11  Member on equitable grounds.

12  **IX.    ORDER CERTIFYING A CLASS FOR PURPOSES OF SETTLEMENT**

13       On _____, 2007, the Court certified a class, for settlement purposes only.  The Class

14  is defined above.

15  **X.    PARTICIPATION IN THE CLASS**

16       If you fall within the definition of the Class, you will remain a Class Member unless you

17  elect to be excluded from the Class.  If you do not request to be excluded from the Class, you will be

18  bound by any judgment entered with respect to the settlement in the Litigation whether or not you

19  file a Proof of Claim.

20       ***If you wish to remain a Class Member, you need do nothing (other than timely file a Proof***

21  ***of Claim and Release if you wish to participate in the distribution of the Net Settlement Fund).***

22  ***Your interests will be represented by Lead Counsel***.  If you choose, you may enter an appearance

23  individually or through your own counsel at your own expense.

24       **TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND,**

25  **YOU MUST TIMELY COMPLETE AND RETURN THE PROOF OF CLAIM AND**

26  **RELEASE FORM THAT ACCOMPANIES THIS NOTICE.**  The Proof of Claim and Release

27  form must be postmarked on or before _____, 2007, and delivered to the Claims

28  Administrator at the address below.  Unless the Court orders otherwise, if you do not timely submit a

1  valid Proof of Claim, you will be barred from receiving any payments from the Net Settlement Fund,

2  but will in all other respects be bound by the provisions of the Stipulation and the Judgment.

3  **XI.   EXCLUSION FROM THE CLASS**

4      You may request to be excluded from the Class.  To do so, you must mail a written request

5  stating that you wish to be excluded from the Class to:

6              *Daou Securities Litigation*
             c/o Claims Administrator
7              Gilardi & Co. LLC
             P.O. Box 8040
8              San Rafael, CA  94912-8040

9      The request for exclusion must state: (a) your name, address, and telephone number; and

10  (b) an estimate of the number of shares of Daou common stock you purchased between February 13,

11  1997 and October 28, 1998; and (c) your signature.  YOUR EXCLUSION REQUEST MUST BE

12  POSTMARKED ON OR BEFORE _____, 2007.  If you submit a valid and timely request

13  for exclusion, you shall have no rights under the settlement, shall not share in the distribution of the

14  Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment.  Defendants may

15  withdraw from and terminate the settlement if Class Members who purchased in excess of a certain

16  amount of Daou's common stock exclude themselves from the Class.  For your convenience a

17  Request for Exclusion Form accompanies this Notice.

18  **XII.   DISMISSAL AND RELEASES**

19      If the proposed settlement is approved, the Court will enter a Final Judgment and Order of

20  Dismissal with Prejudice ("Judgment").  The Judgment will dismiss the Released Claims with

21  prejudice as to all Released Parties.

22      The Judgment will provide that all Class Members who do not validly and timely request to

23  be excluded from the Class shall be deemed to have released and forever discharged all Released

24  Claims (to the extent Members of the Class have such claims) against all Released Parties.

25  **XIII.   MOTION FOR FEES AND EXPENSES**

26      At the Settlement Hearing, counsel for the Lead Plaintiffs will request the Court to award

27  attorneys' fees of 25% of the Settlement Fund, plus reimbursement of the expenses, not to exceed

28  $400,000, which were advanced in connection with the Litigation, plus interest thereon.  In addition,

1   the Lead Plaintiffs may seek compensation for their expenses (including lost wages) in prosecuting

2   the Litigation on behalf of the Class.  Class Members are not personally liable for any such fees or

3   expenses.

4          To date, Lead Counsel have not received any payment for their services in conducting this

5   Litigation on behalf of the Lead Plaintiffs and the Members of the Class, nor have counsel been

6   reimbursed for their out-of-pocket expenses.  The fee requested by Lead Counsel would compensate

7   counsel for their efforts in achieving the Settlement Fund for the benefit of the Class, and for their

8   risk in undertaking this representation on a contingency basis.  The fee requested is within the range

9   of fees awarded to plaintiffs' counsel under similar circumstances in litigation of this type.

10  **XIV.   CONDITIONS FOR SETTLEMENT**

11         The settlement is conditioned upon the occurrence of certain events described in the

12  Stipulation.  Those events include, among other things: (a) entry of the Judgment by the Court, as

13  provided for in the Stipulation; and (b) expiration of the time to appeal from or alter or amend the

14  Judgment.  If, for any reason, any one of the conditions described in the Stipulation is not met, the

15  Stipulation might be terminated and, if terminated, will become null and void, and the parties to the

16  Stipulation will be restored to their respective positions as of April 2, 2007.

17  **XV.    THE RIGHT TO BE HEARD AT THE HEARING**

18         Any Class Member who has not validly and timely requested to be excluded from the Class,

19  and who objects to any aspect of the settlement, the Plan of Allocation, or the application for

20  attorneys' fees, costs, and expenses, may appear and be heard at the Settlement Hearing.  Any such

21  Person must submit a written notice of objection, filed with the Clerk of the Court at the address

22  listed below on or before _____, 2007:

23                    CLERK OF THE COURT
                      UNITED STATES DISTRICT COURT
24                    SOUTHERN DISTRICT OF CALIFORNIA
                      880 Front Street, Room 4290
25                    San Diego, CA  92101-8900

26

27

28

- 15 -                                    **1 6**  98cv1537-L(AJB)

1     The written notice of objection must also be served by hand or sent by first class mail on or

2   before _____, 2007 on each of the following:

3             Lead Counsel for Plaintiffs

4             LERACH COUGHLIN STOIA GELLER
               RUDMAN & ROBBINS LLP
5             JEFFREY D. LIGHT
              655 W. Broadway, Suite 1900
6             San Diego, CA  92101

7             Counsel for Defendants

8             FOLEY & LARDNER LLP
              MICHAEL P. MCCLOSKEY
9             402 West Broadway, Suite 2100
              San Diego, CA 92101-3542
10
    The notice of objection must include the case name (*In re Daou Systems, Inc. Securities Litigation*)
11
    and the case number (Master File No. 98cv1537-L(AJB)) on the first page of any objection filed
12
    with the Court.  The notice of objection must demonstrate the objecting Person's membership in the
13
    Class, by and including (a) the objecting Person's name, address, and telephone number; (b) an
14
    estimate of the number of shares of Daou common stock purchased during the Class Period by the
15
    objecting Person and contain a statement of the reasons for objection.  Only Members of the Class
16
    who have submitted written notices of objection in this manner will be entitled to be heard at the
17
    Settlement Hearing, unless the Court orders otherwise.
18
    **XVI.   SPECIAL NOTICE TO NOMINEES**
19
          If you hold any Daou common stock purchased during the Class Period as nominee for a
20
    beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (a) send a
21
    copy of this Notice and the Proof of Claim by first class mail to all such Persons; or (b) provide a list
22
    of the names and addresses of such Persons to the Claims Administrator:
23
              *Daou Securities Litigation*
24            c/o Claims Administrator
              Gilardi & Co. LLC
25            P.O. Box 8040
              San Rafael, CA  94912-8040
26

27

28

1        If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the

2   Claims Administrator (without cost to you) as many additional copies of these documents as you

3   will need to complete the mailing.

4        Regardless of whether you choose to complete the mailing yourself or elect to have the

5   mailing performed for you, you may obtain reimbursement for or advancement of reasonable

6   administrative costs actually incurred or expected to be incurred in connection with forwarding the

7   Notice and Proof of Claim and which would not have been incurred but for the obligation to forward

8   the Notice and Proof of Claim, upon submission of appropriate documentation to the Claims

9   Administrator.

10   **XVII.  EXAMINATION OF PAPERS**

11        This Notice is a summary and does not describe all of the details of the Stipulation.  For full

12   details of the matters discussed in this Notice, you may review the Stipulation filed with the Court,

13   which may be inspected during business hours, at the office of the Clerk of the Court, United States

14   District Court, Southern District of California, 880 Front Street, Room 4290, San Diego, California

15   92101.  In addition, the Stipulation as well as this Notice and the Proof of Clam Form ~~and~~ *and the Request for Exclusion Form* can be

16   downloaded from the Claims Administrator's website at www.gilardi.com.

17        If you have any questions about the settlement of the Litigation, you may contact Lead

18   Counsel at:

19                  LERACH COUGHLIN STOIA GELLER
                 RUDMAN & ROBBINS LLP

20                  RICK NELSON
               655 W. Broadway, Suite 1900

21                  San Diego, CA  92101
               1-800-449-4900

22

23          DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.

24

25   DATED: _____, 2007          BY ORDER OF THE COURT
                                UNITED STATES DISTRICT COURT
                                SOUTHERN DISTRICT OF CALIFORNIA

26   S:\Settlement\Daou.set\(v3) A1-00039711.doc

27

28

RECYCLED PAPER MADE FROM 20% POST CONSUMER CONTENT

1  LERACH COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  WILLIAM S. LERACH (68581)
   TOR GRONBORG (179109)
3  JEFFREY D. LIGHT (159515)
   DAVID A. THORPE (216498)
4  655 West Broadway, Suite 1900
   San Diego, CA  92101
5  Telephone:  619/231-1058
   619/231-7423 (fax)
6  billl@lerachlaw.com
   torg@lerachlaw.com
7  jeffl@lerachlaw.com
   davidt@lerachlaw.com
8
   Lead Counsel for Plaintiffs
9

10                    UNITED STATES DISTRICT COURT

11                  SOUTHERN DISTRICT OF CALIFORNIA

12

13  In re DAOU SYSTEMS, INC. SECURITIES   )   Master File No. 98cv1537-L(AJB)
    LITIGATION                            )
                                          )   CLASS ACTION
14  ──────────────────────────────────── )
                                          )
    This Document Relates To:             )   PROOF OF CLAIM AND RELEASE
15                                        )
        ALL ACTIONS.                      )   EXHIBIT A-2
16                                        )

17

18

19

20

21

22

23

24

25

26

27

28

                                                              1 9

## I.     GENERAL INSTRUCTIONS

1.     To recover as a Member of the Class based on your claims in the action entitled *In re Daou Systems, Inc. Securities Litigation*, Master File No. 98cv1537-L(AJB) (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Litigation.

2.     Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of settlement in the Litigation.

**3.     YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____, 2007, ADDRESSED AS FOLLOWS:**

> *Daou Securities Litigation*
> c/o Claims Administrator
> Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA  94912-8040

If you are NOT a Member of the Class (as defined in the Notice of Pendency and Proposed Settlement of Class Action) DO NOT submit a Proof of Claim and Release form.

4.     If you are a Member of the Class and you do not timely request exclusion, you are bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

## II.     DEFINITIONS

1.     "Defendants" means Daou Systems, Inc. ("Daou"), Georges J. Daou, Daniel J. Daou, Fred C. McGee, Robert J. McNeill and John H. Moragne.

2.     "Related Persons" means each of a Defendant's respective, present and former parents, subsidiaries and affiliates and their respective present and former officers, directors, employees, agents, representatives, attorneys, advisors, investment advisors, auditors, insurers and reinsurers and the predecessors, heirs, successors, assigns and any person or entity which any of them has or had a controlling interest or which is or was related to or affiliated with any of them.

1       3.    "Released Parties" means each and all of the Defendants and their Related Persons.

2  **III.   CLAIMANT IDENTIFICATION**

3       1.    If you purchased Daou common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased Daou common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

7       2.    Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of Daou's common stock which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS OF THE DAOU COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

13       3.    All joint purchasers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

19  **IV.   CLAIM FORM**

20       1.    Use Part II of this form entitled "Schedule of Transactions in Daou Common Stock" to supply all required details of your transaction(s) in Daou's common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

24       2.    Broker confirmations or other documentation of your transactions in Daou common stock should be attached to your claim. Failure to provide this documentation could delay verification of your claim ~~or result in rejection of your claim.~~ However, if you are a Class Member who purchased 2,000 or fewer shares of Daou common stock during the Class Period, you do not have to provide the relevant documentation of such purchases and or sales if such documentation is



- 2 -       **2 1** 98cv1537-L(AJB)

1   no longer available to you.  In this event, please provide to the best of your ability an estimate of the

2   number of shares and their purchase and sale price, plus the estimated date of purchase and sale of

3   the shares and certify by your signature that you believe the provided information is correct.

4        3.    On the schedules, provide all of the requested information with respect to *all* of your

5   purchases and *all* of your sales of Daou's common stock which took place at any time beginning

6   February 13, 1997 through and including October 28, 1998 (the "Class Period"), whether such

7   transactions resulted in a profit or a loss.  This includes any purchase of Daou common stock

8   pursuant to Daou's initial public offering which was declared effective on or about February 12,

9   1997.  Failure to report all such transactions may result in the rejection of your claim.  If you

10  purchased 2,000 shares or less during the Class Period see paragraph 2 above.

11       4.    List each transaction in the Class Period separately and in chronological order, by

12  trade date, beginning with the earliest.  You must accurately provide the month, day, and year of

13  each transaction you list.

14       5.    The date of covering a "short sale" is deemed to be the date of purchase of Daou

15  common stock.  The date of a "short sale" is deemed to be the date of sale of Daou common stock.

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

*In re Daou Systems, Inc. Securities Litigation,*
Master File No. 98cv1537-L(AJB)

PROOF OF CLAIM AND RELEASE

Must Be Postmarked No Later Than:
_____, 2007

Please Type or Print

PART I:        CLAIMANT IDENTIFICATION

Beneficial Owner's Name (First, Middle, Last)

Street Address

City                                              State or Province

Zip Code or Postal Code                           Country

_____ Individual

Social Security Number or                         _____ Corporation/Other
Taxpayer Identification Number

Area Code        Telephone Number (work)

Area Code        Telephone Number (home)

Record Owner's Name (if different from beneficial owner listed above)

**2 3**

**PART II:**        SCHEDULE OF TRANSACTIONS IN DAOU COMMON STOCK

**COMMON STOCK TRANSACTIONS**

A.    Number of shares of Daou common stock held at the beginning of trading on February 13, 1997: _____

B.    Purchases (February 13, 1997 through October 28, 1998, inclusive) of Daou common stock:

| Trade Date Month Day Year | Number of Shares Purchased | Total Purchase Price |
|---|---|---|
| 1. _____ | _____ | _____ |
| 2. _____ | _____ | _____ |
| 3. _____ | _____ | _____ |

**IMPORTANT:**        Identify by number listed above all purchases in which you covered a "short sale": _____

C.    Sales (February 13, 1997 through October 28, 1998, inclusive) of Daou common stock:

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1. _____ | _____ | _____ |
| 2. _____ | _____ | _____ |
| 3. _____ | _____ | _____ |

D.    Number of shares of Daou common stock held at close of trading on October 28, 1998: _____

YOU MUST READ THE RELEASE AND SIGN ON PAGE _____.

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

NOTE:  As stated in more detail above, if you purchased 2,000 or fewer shares of Daou common stock during the Class Period, you can provide an estimate of the number of shares and their purchase and sale price and certify by your signature that you believe the information to be correct if you do not possess the relevant document of your purchases and sales.

2 4

**V.     SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of California, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim if required to do so.  I (We) have not submitted any other claim in this Litigation covering the same purchases of Daou's common stock during the Class Period and know of no other Person having done so on my (our) behalf.

**VI.    RELEASE**

1.     I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release and discharge from the Released Claims each and all of the Released Parties (as defined above).

2.     "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined below), demands, rights, liabilities and causes of action of every nature and description known or unknown (including, but not limited to, misrepresentation, breach of fiduciary duty or other common law claims) whether asserted directly or derivatively, and that either were asserted or could have been asserted, by the Lead Plaintiffs or any Class Member against the Released Parties arising from the purchase of Daou's common stock during the Class Period (including shares purchased pursuant to Daou's initial public offering which was declared effective on or about February 12, 1997), and the acts, facts, statements, or omissions that were or could have been alleged in the Litigation.

3.     "Unknown Claims" means any Released Claims that any Lead Plaintiff or Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties, and any Settled Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor, which, if known by him, her, or it, might have affected his, her, or its

**2 5**

1  settlement with and release of the Released Parties, or might have affected his, her, or its decision(s)

2  with respect to the settlement.  With respect to any and all Released Claims and Settled Defendants'

3  Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiffs and

4  the Defendants shall expressly waive, and each of the Class Members shall be deemed to have, and

5  by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits

6  conferred by any law of any state or territory of the United States, or principle of common law,

7  which is similar, comparable or equivalent to California Civil Code §1542, which provides:

8          A general release does not extend to claims which the creditor does not know
         or suspect to exist in his or her favor at the time of executing the release, which if
9        known by him or her must have materially affected his or her settlement with the
         debtor.
10

11  The Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from

12  those that any of them now knows or believes to be true related to the subject matter of the Released

13  Claims, but the Lead Plaintiffs shall expressly and each Class Member, upon the Effective Date,

14  shall be deemed to have, and by operation of Judgment shall have, fully, finally, and forever settled

15  and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent

16  or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed

17  upon any theory of law or equity now existing or coming into existence in the future, including, but

18  not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty,

19  law or rule, without regard to the subsequent discovery or existence of such different or additional

20  facts.  Similarly, the Defendants and Released Parties may hereafter discover facts in addition to or

21  different from those that any of them now know or believe to be true related to the subject matter of

22  the Settled Defendants' Claims, but each Defendant shall expressly and each Released Party, upon

23  the Effective Date, shall be deemed to have, and by operation of the Judgment shall have fully,

24  finally, and forever settled and released any and all Settled Defendants' Claims, known or unknown,

25  suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which

26  now exist, or heretofore have existed upon any theory of law or equity now existing or coming into

27  existence in the future, including, but not limited to, conduct that is negligent, intentional, with or

28  without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or

26

existence of such different or additional facts.  The Settling Parties acknowledge, and the Class Members and the Released Parties shall be deemed by operation of the Judgment to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Settled Defendants' Claims was separately bargained for and is a key element of the settlement of which these releases are a part.

4.    These releases shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

5.    I (We) agree to be bound by all prior court rulings in the Litigation, and agree to be bound by all actions taken by the Lead Plaintiffs and their counsel, including the voluntary dismissal of any claims alleged in any of the complaints filed in the Litigation.

6.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

7.    I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Daou's common stock which occurred during the Class Period, the number of shares held by me (us) at the opening of trading on February 13, 1997 and the close of trading on October 28, 1998.

**SUBSTITUTE FORM W-9**

Request for Taxpayer Identification Number ("TIN") and Certification

PART I

NAME: _____

Check appropriate box:

☐ Individual/Sole Proprietor          ☐ Pension Plan
☐ Corporation    ☐ Partnership       ☐ Trust
☐ IRA            ☐ Other

Enter TIN on appropriate line.

For individuals, this is your Social Security Number ("SSN").

For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name. You may enter either your SSN or your Employer Identification Number ("EIN").

For other entities, it is your EIN.

_ _ _ - _ _ - _ _ _ _          or          _ _ _ - _ _ _ _ _ _ _ _
Social Security Number                          Employer Identification Number

PART II

For Payees Exempt from Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line: _____.

PART III

Certification

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

1.   The number shown on this form is my (our) correct TIN; and

2.   I (we) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we) are) no longer subject to backup withholding.

**2 8**

NOTE:      If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

### *SEE* ENCLOSED FORM W-9 INSTRUCTIONS

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

     I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

     Executed this _____ day of _____,
                                 (Month/Year)

in _____, _____.
       (City)                  (State/Country)

_____
                   (Sign your name here)

_____
              (Type or print your name here)

_____
       (Capacity of person(s) signing,
       *e.g.*, Beneficial Purchaser,
       Executor or Administrator)

### ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.     Please sign the above release and declaration.

2.     Remember to attach supporting documentation, if available.

3.     Do not send original stock certificates.

4.     Keep a copy of your claim form for your records.

5.     If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.     If you move, please send us your new address.

S:\Settlement\Daou.set\(v2) A2-00039714.doc

**29**

RECYCLED PAPER MADE FROM 30% POST CONSUMER CONTENT

A-3

LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
WILLIAM S. LERACH (68581)
TOR GRONBORG (179109)
DAVID A. THORPE (216498)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
billl@lerachlaw.com
torg@lerachlaw.com
jeffl@lerachlaw.com
davidt@lerachlaw.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DAOU SYSTEMS, INC. SECURITIES LITIGATION | Master File No. 98cv1537-L(AJB) |
| This Document Relates To: | CLASS ACTION |
| ALL ACTIONS. | SUMMARY NOTICE |
| | EXHIBIT A-3 |

30

1    TO:    ALL PERSONS WHO PURCHASED DAOU SYSTEMS, INC. ("DAOU")
2                 COMMON STOCK DURING THE PERIOD FEBRUARY 13, 1997 (INCLUDING
                 PERSONS WHO PURCHASED SHARES PURSUANT TO DAOU'S INITIAL
                 PUBLIC OFFERING WHICH WAS DECLARED EFFECTIVE ON OR ABOUT
3                 FEBRUARY 12, 1997) THROUGH AND INCLUDING OCTOBER 28, 1998

4         YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court

5    for the Southern District of California, that a hearing will be held on _____, 2007, at _____

6    _.m., before the Honorable M. James Lorenz, United States District Judge, at the Southern District of

7    California, Edward J. Schwartz United Sates Courthouse, 940 Front Street, San Diego, California

8    92101, for the purpose of determining: (1) whether the proposed settlement of the claims in the

9    Litigation for the sum of $4,000,000.00 in cash plus accrued interest should be approved by the

10    Court as fair, reasonable, and adequate; (2) whether this Litigation should be dismissed with

11    prejudice; (3) whether the Plan of Allocation is fair, reasonable, and adequate and therefore should

12    be approved; and (4) whether the application of Lead Counsel for the payment of attorneys' fees and

13    reimbursement of expenses incurred in connection with this Litigation and reimbursement of the

14    Lead Plaintiffs' expenses should be approved.

15         If you purchased Daou common stock during the period beginning February 13, 1997

16    (including persons who purchased shares pursuant to Daou's initial public offering of common stock

17    dated February 12, 1997) through and including October 28, 1998, your rights may be affected by

18    the settlement of this Litigation.  If you have not received a detailed Notice of Pendency and

19    Proposed Settlement of Class Action ("Notice") *and a copy of the Request for Exclusion form* and a copy of the Proof of Claim and Release form

20    you may obtain copies by writing to *Daou Securities Litigation*, c/o Claims Administrator, Gilardi &

21    Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040, or you can download a copy at

22    www.gilardi.com.  The Stipulation of Settlement which sets forth the terms of the settlement can

23    also be downloaded from the *same* ~~Claims Administrator~~ website.  If you are a Class Member, in order to

24    share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release

25    postmarked no later than _____, 2007, establishing that you are entitled to recovery.  You

26    will be bound by any judgment rendered in the Litigation whether or not you make a claim.

27         If you desire to be excluded from the Class, you must submit a request for exclusion

28    postmarked by _____, 2007, in the manner and form explained in the detailed Notice



1  referred to above.  All Members of the Class who have not requested exclusion from the Class will

2  be bound by any judgment entered in the Litigation pursuant to the Stipulation of Settlement.

3        Any objection to the settlement must be filed with the Court at the address below and served

4  by hand or first class mail on the attorneys listed below on or before _____, 2007:

5                      CLERK OF THE COURT
                    UNITED STATES DISTRICT COURT

6                      SOUTHERN DISTRICT OF CALIFORNIA
                    880 Front Street, Room 4290

7                      San Diego, CA  92101-8900

8                      Lead Counsel for Plaintiffs

9                      LERACH COUGHLIN STOIA GELLER
                     RUDMAN & ROBBINS LLP

10                      JEFFREY D. LIGHT
                    655 W. Broadway, Suite 1900

11                      San Diego, CA  92101

12                      Counsel for Defendants

13                      FOLEY & LARDNER LLP
                    MICHAEL P. MCCLOSKEY

14                      402 West Broadway, Suite 2100
                    San Diego, CA 92101-3542

15

16  **PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

17  DATED: _____, 2007     BY ORDER OF THE COURT

18                                        UNITED STATES DISTRICT COURT
                                      SOUTHERN DISTRICT OF CALIFORNIA

19  S:\Settlement\Daou.set\(v1) A3-00039715.doc

20

21

22

23

24

25

26

27

28

RECYCLED PAPER MADE FROM 30% POST CONSUMER CONTENT

REQUEST FOR EXCLUSION
~~OPT OUT~~ FORM



## IN RE DAOU SYSTEMS, INC. SECURITIES LITIGATION

### THIS IS NOT A CLAIM FORM

**By completing and submitting this Form, you EXCLUDE yourself from the settlement and shall have no rights under the settlement and shall not share in the distribution of the settlement proceeds.**

**DO NOT use this Opt Out Form if you want to receive benefits under the settlement.**

First Name: _____ Initial:_____ Last Name: _____

Name at time of purchase (if different from above): _____

Date of death of beneficial purchaser (if applicable): _____

Current Address: _____

City: _____ Province/State: _____ Postal Code/Zip Code: _____

Country: _____

Signature: _____

The estimated number of shares of Daou common stock purchased between February 13, 1997 and

October 28, 1998 _____.

## EXHIBIT A- 4

**3 3**