UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DAOU SYSTEMS, INC., SECURITIES LITIGATION, <br><br> This Order Relates to: <br><br> ALL ACTIONS | Civil No. 98-CV-1537-L(AJB) <br><br> **ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ALLOCATION OF SETTLEMENT PROCEEDS; (2) TAKING UNDER SUBMISSION LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND COSTS; AND (3) SETTING BRIEFING SCHEDULE** |

On January 14, 2008 this securities class action came on for a motion hearing. Tor Gronborg, Esq. and Jeffrey D. Light, Esq. appeared on behalf of Lead Plaintiffs. Michael McCloskey, Esq. appeared on behalf of Defendants. For consideration before the court were Plaintiffs' motions for (1) final approval of class action settlement and allocation of settlement proceeds; and (2) Lead Plaintiffs' counsel's motion for attorneys' fees and costs. For the reasons stated on the record and elaborated herein, Plaintiffs' motion for final approval of class action settlement and allocation of settlement proceeds is **DENIED WITHOUT PREJUDICE**, and Lead Plaintiffs' counsel's motion for attorneys' fees and costs is **SUBMITTED**.

By order filed October 19, 2007 the court preliminarily approved class certification and settlement, and, with certain interlineated changes, Lead Plaintiffs' proposed Notice of

Pendency and Proposed Settlement of Class Action, together with the Proof of Claim and Release, Summary Notice, and Request for Exclusion Form. Subsequently, lead counsel caused a notice of class certification and settlement and corresponding forms to be distributed to potential class members, and a summary notice to be published. Plaintiffs timely filed their motions for final settlement approval and attorneys' fees and costs.

Upon review of Plaintiffs' motions, the court became aware that the notice sent to the class differs in material respects from the notice approved by the October 19 order. By order issued January 8, 2008, the court directed Plaintiffs to make a written disclosure of all the variances between the Notice of Pendency and Proposed Settlement of Class Action, together with the Proof of Claim and Release, Summary Notice and Request for Exclusion Form, which were approved by the court on October 19, 2007, and the corresponding documents sent to the potential class members. Plaintiffs timely filed their written disclosure.

Material changes were made to the notice in three areas: (1) estimated recovery per share before deduction of court-approved fees and expenses was reduced from $0.27 to $0.16; (2) estimated average cost per share for attorneys' fees and costs was reduced from $0.10 to $0.06; and (3) changes were made to the proposed plan of allocation for Section 11 Claims.

The former two changes to the court-approved notice were made based on *In re Veritas Software Corp. Securities Litigation*, 496 F.3d 962 (9th Cir. 2007). Some of the changes to the allocation plan were necessary to eliminate the overlap between categories 2 and 3 of Section 11 Claims. In addition, significant changes were made to the court-approved proof of claim form. Some changes to the notice and proof of claim form were made to add language for purposes of efficient claims administration. However, other changes were made which rendered the notice unduly ambiguous.

Plaintiffs sought and obtained court approval of the class notice and related forms before they sent them out. It was the court's understanding that the notice sent to the class would be identical to the documents approved by the court, with the exception of inserting the dates set by the court, incorporating the court's interlineated changes, and correcting any typographical errors. If the need for other changes arises after the court's approval is obtained, counsel

should request approval for the changes.  In failing to do so, counsel run the risk that the notice will not be approved at the final settlement fairness hearing.  Rule 23(c) and (e) impose requirements for notices of class certification and settlement.  In securities class actions such as this, 15 U.S.C. § 78u-4(a)(7) imposes additional requirements, including a statement of the amount of the settlement proposed to be distributed to the parties to the action, determined in the aggregate and on an average per share basis.  The notice must be written in "plain, easily understood language."  *See* Fed. R. Civ. P. 23(c)(2)(b).

In this case, the notice as sent to the class was unduly confusing with respect to the proposed plan of allocation for Section 11 Claims.  The revised plan of allocation creates new problems.  For example, it covers two categories of stock:  (1) shares "sold prior to February 24, 1999," and (2) shares "retained at the end of February 24, 1999, and or sold after February 24, 1999 through November 1, 2005."  The new description of the second category is confusing.  In addition, the new description of the two categories read together is ambiguous as to the issue whether there is a claim for shares sold on February 24, 1999.

In addition, it is unclear whether the class members are able to determine from the notice their estimated net recovery per share.  The notice sets forth $0.16 per share as the estimated recovery per share "before deduction of court-approved fees and expenses."  It further sets forth $0.06 as the estimated average cost per share for attorneys' fees and costs.  It is unclear whether the estimated expense of notice, claim administration and taxes is reflected in either of these amounts.

The ability of potential class members to understand what they can expect from the settlement is critical to their decision whether to opt out of the class, object to the settlement, or submit a claim.  The court finds that the notice as sent to the class impeded rather than facilitated this decision.  These issues could have been resolved before the notice was sent to potential class members, had counsel sought prior court approval of the changes.

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiffs' motion for final approval of class action settlement and allocation of settlement proceeds is **DENIED WITHOUT PREJUDICE**.

2. No later than **January 22, 2008**, Plaintiffs shall file a proposed amended notice and proof of claim form. This shall be the best version of the notice and proof of claim form Plaintiffs can create. In addition to addressing the problems identified by the court, in preparing the proposed amended notice Plaintiffs shall carefully consider all pertinent notice requirements, including 15 U.S.C. § 78u-4(a)(7), and make any additional changes they deem necessary to fully comply. Plaintiffs shall identify any changes made since notice was sent to the class and explain their significance. Furthermore, Plaintiffs shall file a declaration of their damages expert, who had assisted them in formulating the plan of allocation, stating that the expert reviewed the amended notice and proof of claim form with respect to all representations relating to potential recovery and plan of allocation, that the representations relating to potential recovery and the explanation of the allocation plan are accurate, and that the proof of claim form contains all the information necessary to calculate the Section 11 and Section 10(b) claims. The fees, costs and expenses for preparing, mailing and publishing the amended notice and related forms shall not be paid from the settlement proceeds.

3. Upon approving the amended notice and claim form, the court will set new opt-out, objection, hearing and claim due dates.

4. Lead counsel's motion for an award of attorneys' fees and expenses is **SUBMITTED**.

**IT IS SO ORDERED.**

DATED: January 14, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. ANTHONY J. BATTAGLIA
UNITED STATES MAGISTRATE JUDGE

ALL COUNSEL