UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DAOU SYSTEMS, INC., SECURITIES LITIGATION, <br><br> This Order Relates to: <br><br> ALL ACTIONS | Civil No. 98-CV-1537-L(AJB) <br><br> **ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS AND INTEREST** |

On April 21, 2008 this securities class action came on for a hearing on Lead Plaintiffs' motion for attorneys' fees, costs and interest. Jeffrey D. Light, Esq. appeared on behalf of Lead Plaintiffs. Michael McCloskey, Esq. appeared on behalf of Defendants. For the reasons which follow, Lead Plaintiffs' motion is **DENIED WITHOUT PREJUDICE**.

Rule 23(h) provides that reasonable attorneys' fees and nontaxable costs may be awarded in a certified class action. The settlement agreement provides for attorneys' fees, costs and expenses to be paid out of the settlement fund in the amount ordered by the court. (Settlement ¶ 6.1.) Because the settlement is purely monetary and comprises of one sum from which the class and the professionals are to be compensated, this case presents a "common fund" scenario. "Under Ninth Circuit law, the district court has discretion in common fund cases to choose either the percentage-of-the-fund or the lodestar method." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Powers v. Eichen*, 229 F.3d 1249, 1256,

/ / / / /

1258 (9th Cir. 2000) (securities fraud litigation).  Counsel request a fee award based on the percentage-of-the-fund method.

Lead Plaintiffs' counsel have not received any payment for their services or reimbursement of their expenses incurred in this case.  They request a attorneys' fees in the amount of 25% of the settlement fund, expenses of $346,263.01 (including expert and investigator fees), plus interest on both amounts.  In the amended notice, potential class members were informed of this request and given an opportunity to object.  No objections have been received.

In common fund cases, 25% of the recovery is a "benchmark" rate under the percentage-of-the-fund method, which serves as a starting point for the analysis.  *Powers*, 229 F.3d at 1256; *see also Vizcaino*, 290 F.3d at 1047, 1048.  "Selection of the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case."  *Vizcaino*, 290 F.3d at 1048.  "Calculation of the lodestar, which measures the lawyers' investment of time in the litigation, provides a check on the reasonableness of the percentage award."  *Id.* at 1050.

"Because in common fund cases the relationship between plaintiffs and their attorneys turns adversarial at the fee-setting stage, courts have stressed that when awarding attorneys' fees from a common fund, the district court must assume the role of fiduciary for the class plaintiffs." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1302 (9th Cir. 1994).

"Lead Counsel alone have spent over 4,000 hours prosecuting this litigation with a resulting lodestar of approximately 1.8 million."  (Gronborg Decl. ¶ 62.)  Other than this statement, Lead Counsel provide no basis for the court to engage in the lodestar analysis, either as the basis for the award or as the check on the percentage-of-the-fund method.  Counsel is requesting a $ 1 million attorneys' fee award without providing a single billing record.

Based on the foregoing, the court is not in a position to determine whether the request is reasonable.  It is the requesting counsel's burden to submit detailed time records justifying the attorneys' fees requested.  *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d at 1305.
/ / / / /

"[I]t is important to scrutinize separately the application for an award covering nontaxable costs." Rule 23(h), Advisory Committee Note, 2003 Amendments. Reimbursement of such costs is subject to the same reasonableness requirement as attorneys' fees. See Fed. R. Civ. Proc. 23(h). The aggregate request for costs is $346,263.01, including expert, consultant and investigator fees. The request includes the costs incurred by three firms who represented various Lead Plaintiffs. Each firm filed a declaration which includes a summary of the expenses and a brief explanation for some of the categories. Although each firm attached a firm resume, not a single receipt or accounting system summary is provided. It is therefore impossible for the court to determine whether the requested amount is reasonable.

Based on the foregoing, Lead Plaintiff's motion for attorneys' fees, costs and interest is **DENIED WITHOUT PREJUDICE** to refiling with appropriate documentation.

**IT IS HEREBY FURTHER ORDERED** that when Lead Plaintiffs renew their motion, it shall be supported affidavits summarizing the billing records in a meaningful way. This shall include an affidavit of each biller (1) describing briefly his or her professional experience; (2) stating his or her billing rate;[1] (3) summarizing the time expended, organized by significant event in the case, for example, all time and costs associated with legal research and briefing associated with each motion to dismiss, briefing on appeal, oral argument on appeal, each mediation session, etc.; and (4) providing hour and fee totals for each summary entry.

**IT IS FURTHER ORDERED** that with respect to expert, consultant and investigator fees, counsel shall (1) identify each expert, consultant or investigator; (2) provide a brief statement of his or her background; (3) state the billing rate; (4) describe the assignment; and (5) provide a billing summary in a similar manner as for attorney billings.

**IT IS FURTHER ORDERED** that with respect to costs which can be meaningfully summarized by each biller, such as, for example, travel, each biller shall include in his or her affidavit a summary of such costs in the same manner as described below for other costs.

/ / / / /

---

[1] If the billing rates changed during the course of the prosecution of this case, the declaration shall state each billing rate together with the dates when it was effective.

1   **IT IS FURTHER ORDERED** that with respect to costs which can not be meaningfully
2   summarized by each biller, such as photocopies, for example, the counsel most knowledgeable
3   for each firm shall include in his or her affidavit a summary of such costs.  The summary of the
4   Filing, Witness and Other Fees in the Declaration of Jeffrey D. Light filed in support of the
5   motion was not adequate because no explanation was provided of the type of services rendered
6   by entities such as 1st Nationwide Legal Services, or what stage of the case the services related
7   to.  The summary was also deficient because no specific amounts were associated with the cost
8   entries.  In support of the renewed motion, the cost summaries shall group costs by category
9   and (1) identify vendors by name; (2) describe the services provided; (3) if applicable, list the
10  per unit charge; (3) group the costs by significant events or stages of the case; and (4) provide
11  totals for the summary entries.

12  **IT IS FURTHER ORDERED** that the attorney most knowledgeable for each firm shall
13  include in his or her declaration, in addition to the above as applicable, also a summary of all
14  the fees and costs incurred by the firm.

15  **IT IS SO ORDERED.**

17  DATED: April 21, 2008

                                    M. James Lorenz
                                    United States District Court Judge

20  COPY TO:

21  HON. ANTHONY J. BATTAGLIA
    UNITED STATES MAGISTRATE JUDGE

23  ALL COUNSEL