UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DAOU SYSTEMS, INC., SECURITIES LITIGATION, <br><br> This Order Relates to: <br><br> ALL ACTIONS | Civil No. 98-CV-1537-L(AJB) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES, COSTS AND INTEREST** |

In this securities class action, Lead Counsel filed a motion for an award in attorneys' fees, costs and expenses on behalf of the class counsel. By order dated May 13, 2008, the court granted Lead Plaintiffs' motion for final approval of class action settlement and plan of allocation of proceeds. Lead Counsel's initial motion for attorneys' fees and costs was denied on April 21, 2008 without prejudice for failure to provide sufficient information. For the reasons which follow, the motion is **GRANTED IN PART AND DENIED IN PART**.

On December 14, 1998, Milberg Weiss Bershad Hynes & Lerach LLP, predecessor to Coughlin Stoia Geller Rudman & Robbins LLP, was appointed Lead Counsel for the class in this action. The law firms of Barrack, Rodos & Bacine and Spector Roseman & Kodroff, P.C. were additional counsel for the class. They seek to recover from the class action settlement proceeds $ 1 million, or 25% of the settlement amount, in attorneys' fees, $342,053.53 for litigation costs and expenses (including expert and investigator fees) and interest thereon. Lead Counsel's motion is consistent with the court-approved amended notice given to the class. (*See*

Ex. A to Supp. Decl. of Carole K. Sylvester dated Apr. 4, 2008.)  Although class members were given an opportunity to object to the motion for fees, costs and expenses, no objections have been filed.

Federal Rule of Civil Procedure 23(h) provides that reasonable attorneys' fees and nontaxable costs may be awarded in a certified class action.  Because the settlement is purely monetary and comprises of one sum from which the class and the professionals are to be compensated, this case presents a "common fund" scenario.  "Under Ninth Circuit law, the district court has discretion in common fund cases to choose either the percentage-of-the-fund or the lodestar method." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Powers v. Eichen*, 229 F.3d 1249, 1256, 1258 (9th Cir. 2000) (securities fraud litigation). Counsel request a fee award based on the percentage-of-the-fund method.

"Because in common fund cases the relationship between plaintiffs and their attorneys turns adversarial at the fee-setting stage, courts have stressed that when awarding attorneys' fees from a common fund, the district court must assume the role of fiduciary for the class plaintiffs." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1302 (9th Cir. 1994).

In common fund cases, 25% of the recovery is a "benchmark" rate under the percentage-of-the-fund method, which serves as a starting point for the analysis. *Powers*, 229 F.3d at 1256; *see also Vizcaino*, 290 F.3d at 1047, 1048.  "Selection of the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case." *Vizcaino*, 290 F.3d at 1048.  "Calculation of the lodestar, which measures the lawyers' investment of time in the litigation, provides a check on the reasonableness of the percentage award." *Id.* at 1050.

The benchmark rate is appropriate in this case.  As elaborated in the May 13, 2008 order granting Lead Plaintiffs' motion for final settlement approval, the modest settlement amount reflects a compromise between the parties and the risks associated with continuing the litigation.  The court finds that the benchmark rate appropriately balances the modest result achieved, risk of further litigation, and financial burdens of the case on the class counsel.  *See Vizcaino*, 290 F.3d at 1048-50.

The benchmark rate is reasonable when compared with the lodestar. Class counsel spent a total of 3,704.75 hours working on this case, and incurred attorney and paralegal fees amounting to $1,258,006.20 at historic hourly rates. This amounts to an average hourly rate of approximately $340.

In nine years preceding the settlement of this case, Defendants filed three motions to dismiss, which the parties fully briefed, and as a result, Plaintiffs filed three fact-specific complaints. The motions to dismiss included a cross-appeal to the Ninth Circuit, where the alleged facts and legal issues were further vetted. In the course of the case, the parties had to adjust to the changing legal landscape in the securities litigation area. The case was filed shortly after the Private Securities Litigation Reform Act of 1995 ("PSLRA") was passed. During the pendency of the case, the Supreme Court issued *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005), which addressed the specificity of pleading required to satisfy the PSLRA. Class counsel investigated the case outside the formal discovery process, conducted more than 40 witness interviews, including interviews of 35 former Daou employees, reviewed Daou's public filings and statements, including publicly-available financial statements, consulted with accounting, materiality, loss causation, and damages experts, and researched the law applicable to Defendants' claimed defenses. After the discovery stay was lifted, they served interrogatories and requests for production on Defendants and over 50 subpoenas to third parties. The parties also participated in extensive settlement negotiations, including private mediation, which ultimately resulted in settlement.

Based on the foregoing, 3,704.75 hours in attorney time was reasonable. The average billing rate of $340 was also reasonable given the counsel's experience and expertise, the complexity of the case and changes in the law shortly prior to filing the case and during its course.

In light of the reasonableness of the 25% benchmark, Lead Counsel's request for $1 million in attorneys' fees is granted. Pursuant to the Stipulation of Settlement, Lead Counsel shall allocate the attorneys' fee award among class counsel. (Stipulation of Settlement ¶ 6.2.)

/ / / / /

"[I]t is important to scrutinize separately the application for an award covering nontaxable costs." Fed. R. Civ. Proc. 23(h), Advisory Committee Note, 2003 Am. Reimbursement of such costs is subject to the same reasonableness requirement as attorneys' fees. See Fed. R. Civ. Proc. 23(h). The aggregate request for costs is $342,053.53, including expert, consultant and investigator fees.

Lead Counsel request $324,507.14 in litigation costs and expenses. (Decl. of Jeffrey Light dated Jun. 11, 2008 at 6-7.) Upon review of the affidavits filed in support of this request, the court finds $275,478.02 of Lead Counsel's costs and expenses reasonable and the request is granted as to this amount. For the reasons stated below, the balance of the request is denied as unreasonable.

Lead Counsel request $5,666.54 for meals, hotels and transportation associated with oral argument before the Ninth Circuit and private mediation. (*Id*. at 6, 11-12.) In the absence of any justification why multiple counsel were required to travel to and participate in each of these proceedings, and to avoid unnecessary duplication of expenses, this category of expenses is awarded for one class counsel each for the Ninth Circuit appearance and the mediation. In addition, the court declines to reimburse for meals not related to travel. Accordingly, $1,782.56 is awarded for this category of expenses.

Lead Counsel also request $27,060.25 for in-house photocopies. Upon review of the supporting documentation it appears that a portion of this sum was incurred by William S. Lerach. (Decl. of Jeffrey D. Light dated Jun. 11, 2008, Ex. I.) Mr. Lerach was not one of the attorneys working on this case. (*See* Decl. of Jeffrey D. Light dated Jun. 11, 2008 at 2.) The in-house photocopy expenses attributable to Mr. Lerach are therefore excluded and $22,795.00 is awarded for this category.

Lead Counsel next request $1,194.09 for postage, $6,578.39 for facsimile, and $32,165.08 for various online research, including Lexis and Westlaw.[1] As with in-house

---

[1] Lead Counsel request $319.89 for telephone expenses. The support for this request is contained in Exhibit K, at pages 82 through 91 and 95, of Mr. Light's declaration dated June 11, 2008. The supporting documentation appears to support approximately $1,745 in telephone expenses, a large portion of which was incurred by Mr. Lerach. Lead Counsel apparently accounted for this by excluding

4

photocopies, a portion of these expenses were incurred by Mr. Lerach. (*See* Decl. of Jeffrey Light dated Jun. 11, 2008, Exs. J, K at 92-97 & L.) These categories of expenses are reduced for the same reasons and in the same manner as in-house photocopy expenses. Accordingly, the court awards $593.46 for postage, $2,218.39 for facsimile and $14,205.82 for online legal research.

Lead Counsel request $19,160.00 for in-house investigators. This request is in addition to $142,735.05 for outside investigators. (Decl. of Jeffrey Light dated Jun. 11, 2008 at 6-7.) The work of the in-house investigators appears to be largely duplicative of the work performed by L.R. Hodges & Associates ("LRH&A"), an outside private investigation firm, whose fee of $136,570.78 is included in the approved portion of litigation expenses. (*See id.* at 33 & Ex. M (Decl. of Lynne R. Hodges).) From October 1999 through September 2006, LRH&A assisted in identifying, locating, contacting and interviewing third-party witnesses, among other things. (*Id.* Ex. M ¶ 5.) All in-house investigators, except for Lynn Smorada worked on the same tasks during the same period of time. (*See* Decl. of Jeffrey Light dated Jun. 11, 2008 at 34.) Therefore only $1,200, Ms. Smorada's fees, is approved for in-house investigator expenses.

The law firm of Barrack, Rodos & Bacine requests $13,371.17 for costs and expenses of representing the class. (Decl. of Stephen R. Basser dated Jun. 6, 2008 at 10.) Upon review of the affidavits filed in support of this request, the court finds $12,799.29 of the request reasonable, and the request is granted in this amount. The balance of the request is denied as unreasonable. For the reasons stated with respect to Lead Counsel's travel expenses, and because no reason is provided why class counsel in addition to Lead Counsel should travel to mediation, the court declines to reimburse this firm's expenses for travel and meals associated with mediation. (*See id.* at 11.)

Spector Roseman & Kodroff, P.C. requests $4,175.22 for costs and expenses of representing the class. (Decl. of Robert M. Roseman dated Jun. 9, 2008 at 4.) Upon review of the affidavits filed in support of this request, the court finds $2,457.22 of the request

---

$1,436.45 of telephone expenses. (*See* Decl. of Jeffrey Light dated Jun. 11, 2008 at 7.) The remaining request for $319.89 is therefore reasonable.

reasonable, and the request is granted in this amount.  The balance of the request is denied as unreasonable.  As with Barrack, Rodos & Bacine, the court declines to reimburse this firm's expenses for travel and meals associated with mediation.  (*See id.*)

Last, class counsel request interest on the award for the same time period and at the same rate as that earned on the settlement fund.  (*See* Stipulation of Settlement ¶ 6.1.)  The request is granted to compensate for the delay in payment of the fees, costs and expenses.

Based on the foregoing, Lead Counsel's motion is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Lead Counsel shall receive $1 million for attorneys fees of class counsel, and shall distribute this amount among Barrack, Rodos & Bacine, the firm of Spector Roseman & Kodroff, P.C. and its own firm as provided in the Stipulation of Settlement.

2. Lead Counsel is awarded $275,478.02 for its costs and expenses of representing the class.

3. Barrack, Rodos & Bacine is awarded $12,799.29 for its costs and expenses of representing the class.

4. Spector Roseman & Kodroff, P.C. is awarded $2,457.22 for its costs and expenses of representing the class.

5. The amounts listed above shall accrue interest for the same time period and at the same rate as that earned on the settlement fund.

6. In all other respects, the motion is denied.

**IT IS SO ORDERED.**


DATED: July 24, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. ANTHONY J. BATTAGLIA
UNITED STATES MAGISTRATE JUDGE

ALL COUNSEL